■ CYNTHIA B. BROWN, Individually and as Administratrix of the Estate of RODNEY W. BROWN, Deceased, Appellant, v STE-

PHEN B. COLVIN, M.D., et al., Respondents, et al., Defendant. [738 NYS2d 328] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered September 18, 2000, which, to the extent appealed from as limited by the briefs, granted the motion of defendant R.J. Maloney Agency (Maloney) for summary judgment dismissing the cause of action against it, unanimously reversed, on the law, without costs, the motion denied and the cause of action reinstated. Order, same court and Justice, entered September 18, 2000, which granted the motion of defendants Stephen Colvin, M.D. and L&H Fisheries Corp. (L&H) for summary judgment dismissing the complaint and cross claims against them, unanimously reversed, on the law, without costs, and those causes of action reinstated. Order, same court and Justice, entered October 24, 2000, which granted the motion of defendant Block A&H Agency, Inc. (Block) for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Plaintiff's decedent, Rodney Wayne Brown, died of a heart attack at the age of 38 while employed as the captain of a small fishing boat engaged in a fishing expedition in Brazil in 1996. The boat was owned by defendant L&H, which is wholly owned by defendant Stephen Colvin. Plaintiff, decedent's widow, offered evidence that defendant Colvin promised to procure a $1,000,000 life insurance policy for decedent before he left on the expedition and failed to do so. Other evidence tends to show that decedent's heart attack was the result of physical strain he experienced trying to overcome unseaworthy conditions and that, as a result, Colvin and L&H may be held liable for injuries caused by the vessel's unseaworthiness under maritime law and in negligence under the Jones Act. As to Maloney and Block, plaintiff claims they negligently failed to procure requested insurance and negligently made misrepresentations to decedent that insurance had been procured, thereby inducing him to leave for the voyage without making further efforts to procure the insurance; further, it is claimed, they negligently induced him to remain in Brazil without insurance by erroneously informing him that a valid application was pending with a second company after the first application was denied.

We conclude that plaintiff offered sufficient evidence to create questions of fact as to (1) whether defendant R.J. Maloney Agency negligently failed to procure life insurance and/or whether plaintiff's decedent relied upon false advice that insurance was in effect; (2) whether defendant Colvin is liable for the failure to procure life insurance; and (3) whether defendants

Colvin and L&H may be held liable for decedent's death under federal maritime law, based upon the unseaworthiness of the vessel or under the Jones Act, based upon negligence. However, we perceive no showing that defendant Block was ever decedent's broker or had entered into an agreement with decedent to procure insurance, and therefore the motion court's determination with respect to defendant Block is affirmed. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.